UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NANCY S. BROWN,

                Plaintiff,         **MEMORANDUM & ORDER**

  -against-                            03-CV-2594 (DRH) (JO)

NORMAN Y. MINETA, Secretary of the
United States Department of Transportation

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**A P P E A R A N C E S :**

**Law Office of Sandra D. Parker**
Attorney for Plaintiff
645 Fifth Avenue, Suite 703
New York, NY 10022
By: Sandra D. Parker, Esq.

**United States Attorneys Office, Eastern District of New York**
Attorneys for Defendant
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201
By: Kevan Cleary, Esq., and Roslynn R. Mauskopf, Esq.

**HURLEY, District Judge:**

*INTRODUCTION*

Defendant Norman Y. Mineta, Secretary of the United States Department of

Transportation, objects to the December 27, 2004 and March 22, 2005 Orders of United

States Magistrate Judge James Orenstein wherein Judge Orenstein denied Defendant's

requests to either compel discovery of Plaintiff Nancy S. Brown's psychological history

and subject her to a psychological examination or to preclude her from bringing claims involving embarrassment and humiliation. After considering the papers filed by each party, the court affirms Judge Orenstein's Orders.

*BACKGROUND*

Plaintiff filed her complaint on May 23, 2003 against the United States pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, claiming that she was discriminated against on the basis of her gender because she was not promoted to a supervisory position during her twenty-one years of employment at the Federal Aviation Administration. *See* Compl. ¶ 9. As a result, Plaintiff claims that she "suffered and continues to suffer embarrassment, humiliation and other incidental and consequential damages." *Id.* at ¶¶ 41, 46.

On November 8, 2004, United States Magistrate Judge James Orenstein set the deadline for fact discovery on December 30, 2004. On December 22, 2004, Defendant submitted a letter-motion seeking an order either to compel Plaintiff to produce her psychological history and allow Defendant's expert psychiatrist to examine her or alternatively to preclude her claim for compensatory damages relating to her embarrassment and humiliation at not receiving an allegedly deserved promotion.

After hearing extensive argument on the motion at a December 27, 2004 conference, Judge Orenstein denied the motion. *See* Dec. 27, 2004 Order at 4-6. Concluding that Plaintiff's claims of "embarrassment, humiliation and other incidental

and consequential damages" (*See* Compl. ¶ 41) did not put Plaintiff's mental or psychological condition at issue, Judge Orenstein denied Defendant's requests. *See* Dec. 27, 2004 Order at 6. Judge Orenstein reasoned that Plaintiff's claims "need no explication by an expert" because "embarrassment and humiliation are human emotions with which every human is familiar." *See id*. at 5.

Defendant sought reconsideration of the order via a letter on January 1, 2005. In a second memorandum and order, Judge Orenstein denied Defendant's motion for reconsideration, reasserting that the court would not compel Plaintiff to release her psychological history or submit to a psychological evaluation. *See* March 22, 2005 Order. Growing increasingly exasperated, Judge Orenstein criticized Defendant as having "transformed what was merely a meritless motion to compel into a wholly frivolous motion for reconsideration. . . ." *See id*. at 1. After Judge Orenstein denied reconsideration, Defendant submitted a motion to this Court on March 28, 2005 requesting reversal. *See* March 28, 2005 Mot. Plaintiff opposed the motion. *See* April 15, 2005 Mot.

*DISCUSSION*

I. *Standard of Review*

This court reviews a magistrate judge's non-dispositive pretrial orders under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A), *and* FED. R. CIV. P. 72(a). Discovery matters generally are considered non-dispositive of litigation.

3

*See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, "is left with the definite and firm conviction that a mistake has been committed"; an order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp.2d 305, 320-21 (S.D.N.Y. 2001)). This standard is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

Because a magistrate judge is clearly the best qualified to "judge the entire atmosphere of the discovery process," *Bogan v. Nw. Mut. Life Ins. Co.*, 144 F.R.D. 51, 53 (S.D.N.Y. 1992), his discovery-related rulings are entitled to particular deference. *See Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) ("Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion.") (citing *Empire Volkswagen, Inc. v. World Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y. 1982), *aff'd*, 814 F.2d 90 (2d Cir. 1987)).

II. *Judge Orenstein's Refusal to Compel Discovery Was Neither Clearly Erroneous Nor Contrary to Law.*

Defendant contends that Judge Orenstein's refusal to compel discovery was

contrary to law. *See* March 28, 2005 Mot at 11. Defendant cites a number of cases allegedly supporting his position and the so-called "majority view" that a plaintiff who files a complaint seeking emotional distress damages has placed his mental or emotional condition at issue. *See id*. at 12.

Defendant's argument fails on a number grounds, primarily because he cites no case law that establishes a position contrary to Judge Orenstein's order. Judge Orenstein explained that Plaintiff made no claims of emotional distress, psychological damage, or loss of enjoyment of life that would put her mental condition at issue. *See* Dec. 27, 2004 Order; *see also* Tr. of Dec. 27, 2004 Hearing at 65-67. Therefore, the case law that Defendant cites is irrelevant because each of those cases involve claims of emotional distress that are different from the "garden-variety" claims of emotional distress in Plaintiff's complaint. *See* March 28, 2005 Mot. at 12 (citing, *e.g., Manessis v. City of New York*, No. 02-CIV-359SASDF, 2002 WL 3115032 (S.D.N.Y Sept. 24, 2002) (ordering discovery of plaintiff's medical records because plaintiff claimed that alleged discrimination caused him "tremendous stress and anxiety")). As Judge Orenstein clearly articulated, Plaintiff's claims of embarrassment and humiliation are garden variety emotional distress damages and "[a] party seeking to have a mental health professional opine as to whether an opposing party truly felt embarrassed or humiliated or as to what it means to experience such emotions would be hard pressed to explain why such testimony was beyond the ken of a lay jury." Dec. 27, 2004 Order at 5; *see Ruhlmann v. Ulster*

5

*County Dep't of Soc. Serv.*, 194 F.R.D. 445, 449 n.6 (N.D.N.Y. 2000) ("Garden-variety emotional distress, therefore, is ordinary or commonplace emotional distress. Garden-variety emotional distress is that which simple or usual. In contrast, emotional distress that is not garden-variety may be complex, such as that resulting in a specific psychiatric disorder, or may be unusual, such as to disable one from working."). Because Defendant's arguments are tangential to Judge Orenstein's well-reasoned order, Defendant's motion is clearly inadequate. *See Mitchell*, 233 F. Supp. 2d at 430 (noting that the "contrary to law" standard is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion").

Since Defendant fails to meet Judge Orenstein's position head-on, Defendant's motion amounts to little more than a criticism of Judge Orenstein's adoption of a view different from his own. *See id*. at 13. We note that even if Judge Orenstein had adopted the "minority view," as Defendant terms it, Defendant still fails to explain why the purported minority view is in any way "contrary to law."

Furthermore, as Plaintiff points out, Judge Orenstein apparently adopted the majority view. *See* April 15, 2005 Mot. at 15, citing *Fox v. Gates Corp.*, 179 F.R.D. 303 (D. Col. 1998). In *Fox*, the court noted:

> The majority of courts . . . will not require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of

6

emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy" within the meaning of Fed.R.Civ.P. 35(a).

*Id.* at 307 (citations omitted). At least in the eyes of the *Fox* court, Judge Orenstein not only adopted the majority view but also followed that analysis precisely, finding that none of the factors requiring a medical examination existed in the present case.

## *CONCLUSION*

For all of the above reasons, Judge Orenstein's December 27, 2004 and March 22, 2005 Orders are hereby affirmed.

**SO ORDERED.**

Dated: Central Islip, New York
      October 14, 2005

                                                   /s/
                                         Denis R. Hurley
                                         United States District Judge